FILED'11 JAN 27 16:21 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN MITCHELL BROWNING,

        Plaintiff,

    v.

SHERIFF JACK CRABTREE, and
YAMHILL CO. BOARD OF COMMISIONERS
AS INDIVIDUALS AND AS DIRECTORS
OF A CORPORATE BODY,

        Defendants.

Civil No. 10-1414-AC

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff, an inmate at the Yamhill County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff initiated this action by filing a one-page document entitled "Complaint for Violation of Basic Human Rights, Violation of 42 USC § 1873 - Filthy Jail Vermin Infestation." He names as Defendants the Yamhill County Sheriff and the Yamhill County Board of Commissioners. The Complaint alleges:

> Statement of Facts: The following statement is made under penalty of perjury: I have bedbug bites all over my body. I would like to see the jail nurse to get some ointment, but I do not have $10.00 (or any money on my books) for the jail nurse fee.

By way of remedy Plaintiff seeks damages and injunctive relief in the form of an order requiring Defendants to close the jail and bring in a professional crew to eliminate the bed bugs.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B)   the action . . .
>
> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2 - ORDER TO DISMISS -

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, --- F.3d ---, 2010 WL 4673711, *3 (9th Cir., Nov. 19, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless

3 - ORDER TO DISMISS -

it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a civil rights claim for relief under 42 U.S.C. § 1983,[1] a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v.

---

[1] Although Plaintiff refers to 42 U.S.C. § 1873 in his Complaint, the Court construes the Complaint as an attempt to allege a claim under § 1983, since § 1873 refers to employment of personnel by the National Science Foundation.

4 - ORDER TO DISMISS -

Wolfish, 441 U.S. 520 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), *on appeal after remand*, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain", which includes those sanctions that are so "totally without penological justification" that it results in the "gratuitous infliction of suffering." Id.

To state a claim regarding his conditions of confinement, a plaintiff must allege that a jailor's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and that the jailor acted with deliberate indifference to an excessive risk to inmate health or safety. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825 (1994)). Certainly, where inmates live under circumstances of squalor, the deprivation of tools necessary to maintain minimally sanitary cells may seriously threaten their health and amount to a violation of the Eighth Amendment. See Hoptowit, 753 F.2d at 784 (inmates living under conditions

5 - ORDER TO DISMISS -

including unsatisfactory plumbing, inadequate violation and vermin infestation).

Here, Plaintiff alleges simply that he has bed bug bites all over his body. While a bed bug infestation may be unfortunate, Plaintiff provides no allegations to support a finding that Defendants are forcing him to live in conditions of squalor posing a serious threat to Plaintiff's health.

Plaintiff also alleges he would like to see the jail nurse to get some ointment but does not have $10 for the "jail nurse fee." To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts that support that he had a serious medical need and that a defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (describing standard for convicted inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (describing standard for pretrial detainees). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff does not allege he sought medical treatment which was denied because he was unable to pay the $10 fee, nor does he allege that jail officials deny medical care to other prisoners who are indigent. Moreover, Plaintiff fails to allege facts

6 - ORDER TO DISMISS -

supporting a claim that bed bug bites rise to the level of a serious medical condition. Without more, the Complaint alleges no facts which the court could construe as deliberate indifference to a serious medical need under Estelle.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his Amended Complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the Amended Complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 26 day of January, 2011.

_____
Michael W. Mosman
United States District Judge

7 - ORDER TO DISMISS -